# Thurston *versus* Franklin College.

In the case of an action to recover damages for breach of a parol contract for the purchase of land, the right of action accrues when the vendor conveys to a stranger. It exists *before eviction* by the grantee.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of trespass on the case, by Lyman Thurston and John M. Taylor for the use of Lyman Thurston *vs.* The Trustees of Franklin College, in the borough and county of Lancaster.

It was an action for damages for a breach of an alleged contract for the purchase of land. Summons issued April 3, 1849. Defendants plead *non assumpsit* and *non assumpsit infra sex annos;* and subsequently, with leave of court, added the plea of *actio non accrevit infra sex annos.* February 3, 1851, verdict for defendants.

On the part of the plaintiff in error, the case was stated partly as follows:—

Samuel W. Morris, Esq., was appointed attorney in fact of the trustees of Franklin College, and authorized to sell the college lands, situated in Bradford county, with directions to give settlers residing upon the land the preference in disposing the same. Morris lived in Tioga county, and was not usually in Bradford, except at the sessions of the courts. He told many of the settlers, and requested them to inform the rest, that if any of them wished to purchase, he might at any time pay fifty dollars into the Towanda Bank, to the credit of the said Morris, and that upon doing so, he (Morris) would give the person thus paying a written contract for the land. In 1840, Lyman Thurston and John M. Taylor were living upon a portion of said lands, and had made some improvements thereupon. The proposition of Judge Morris having been communicated to them, they paid the fifty dollars into the Towanda Bank, to the credit of Judge Morris, by whom the money was

[Thurston *v.* Franklin College.]

afterwards drawn. Subsequently, in a conversation, in September 1840, between Taylor and Morris, the latter promised to send the written contract by mail, which he omitted to do.

It was alleged that Thurston and Taylor continued in possession for some time, making valuable improvements, and then Taylor sold out his interest in the land to Thurston.

On the 24th day of March, A. D. 1841, the college sold all her lands in Bradford county, including the Taylor and Thurston tract, to John McCord, who brought an action of ejectment against Thurston. The cause was tried at May term 1843; and May 10, jury discharged, and judgment for the plaintiff.

Thurston was in possession when the contract was made. Having been ejected, Thurston brought this action within six years from the time of the verdict against him.

The only defence offered was the statute of limitations, and the question was, whether the action was barred six years from the time when conveyance was made to McCord, or from the time that Thurston was ejected; and further, whether the trustees have not been guilty of fraud, so as to prevent them from availing themselves of the statute of limitations.

On the part of the plaintiff below, J. D. Goodenough testified, *inter alia:*—Samuel W. Morris, of Tioga county, acted as agent and attorney in fact for the trustees of Franklin College. I purchased two lots or tracts of the Franklin College land of said Morris. Purchased one of said lots upwards of twenty years ago, and the other about fifteen years ago. I paid two dollars and fifty cents per acre for both tracts. I am not positive as to the time, but I think some time in the years 1837 or 1838, I made a payment to Judge Morris on my land; he was in Towanda, and requested me to pay it to the Towanda Bank, which I did. At this time he told me when I wished to make payments, I need not go to Tioga county, but to pay into the Towanda Bank. At this time he said that the college wanted to sell their lands, and he wanted to sell it for them, and that if anybody wanted any of the lands, they might deposit fifty dollars in the Towanda Bank, and when he came out he would give them a contract, and they should be sure of the land; said they might rest contented, the land was theirs as soon as they had deposited the fifty dollars in the Towanda Bank; said they might pick out any lot they had a mind for, that was not contracted, and bring him the number of the lot, and the first time he came to Towanda he would give them a contract; and if he did not the first time he came out, he would the second. He told me to tell all the setlers that wanted to purchase or contract for Franklin College lands, that they might have any of the Franklin College lands that was not previously contracted, by paying fifty dollars on a lot into the Towanda Bank, as mentioned above. This fifty dollars was to be the first instalment, which was

to be paid before they could have a contract. I informed these plaintiffs, Taylor and Thurston, as well as other settlers, what Morris requested me to inform them. At the time I informed Thurston and Taylor, I knew the lot that they were on was not contracted for, as I lived close by, and knew what lots were contracted for. Judge Morris had a uniform price for the Franklin College lands, of two dollars and fifty cents per acre. Cannot say whether it was before or after Thurston went on, but it was near that time. I never knew him to ask more than three dollars per acre for any lands in that vicinity, excepting for a very heavy timbered lot that he sold for four dollars per acre, just before John McCord purchased. I was present on the trial of an ejectment, in the Common Pleas of Bradford county, in favor of John McCord, against said plaintiffs, Taylor and Thurston. That suit was, as appears by the certified copy No. 121, February term 1842, Bradford county Common Pleas. The land mentioned in the summons in that case is the same land that Taylor and Thurston were in possession of, as before mentioned. The defendant, Taylor, moved off the land some time before the trial of the cause, and Thurston a few weeks after the trial. I was called and sworn as a witness in said trial. The defendants alleged on that trial that they had a right to hold said land, by virtue of a parol contract. The plaintiffs alleged that as the defendants were in possession of the land at the time the contract was made, they could not hold the land.

Nelson Gilbert testified:—In the season of 1840, I think at September term, I saw M. C. Mercur and Samuel W. Morris meet upon the sidewalk in Towanda. Mr. Mercur was then an officer in the Towanda Bank; either cashier or teller; cannot say which. He has been both. I understood Mr. Mercur to say to Mr. Morris, that there had been fifty dollars paid into the bank to his credit. Mr. Morris asked him who by, and Mercur replied by John M. Taylor and Lyman Thurston. Morris then replied that he was very glad to get money at any time, and that he would call over and get it. I know the land upon which Taylor and Thurston were living in 1840; Thurston and Taylor both occupied the lot in 1840, and had for two years previous. Taylor had longer; I think he commenced there in 1836. In 1838 I understood from both Taylor and Thurston that Taylor had sold an undivided half of the lot to Lyman Thurston. This I understood both before and after Thurston took possession, and at the time I helped Lyman Thurston to raise his house. I think the land was worth ten dollars per acre in May 1843, with the improvements upon it. I think all the improvements had been made by Taylor and Thurston; I know of no one else making any improvements.

Testimony was also given on the part of the defendant. On the trial, the following points were submitted on the part of the plaintiffs:—

[Thurston *v.* Franklin College.]

1st. The plaintiffs are entitled to recover from the defendants, as the measure of damages, the difference of the price agreed upon for the land, and the enhanced value of the same when the defendants were ejected on the 10th day of May 1843.

2d. The plea of the statute of limitations will not operate against the plaintiffs, as the injury and cause of action accrued only on the 10th of May 1843, a period of less than six years at the time this suit was brought.

3d. The conduct of the defendants was fraudulent, and they cannot therefore take advantage of the statute of limitations.

*Charge of* LEWIS, J.—This is an action to recover damages for breach of a contract to give the plaintiff a contract in writing for 114 acres and 40 perches of land in Bradford county, at $2.50 per acre, payable in four equal annual payments, in consideration that the defendant would deposit in the Towanda Bank, to the credit of the defendant's agent, the sum of fifty dollars. That sum was deposited in February 1840, and in September 1840, Judge Morris, the defendant's agent, had notice of it, and on demand being made for the contract in writing, promised to send it by mail. On the 24th March 1841, the defendants conveyed the land to John McCord, who, within three or four weeks after, requested Taylor, the plaintiff, then in possession, to leave the premises, and endeavored to make some arrangment with him respecting giving up possession. About this time, Taylor applied to Judge Morris, relative to the contract with him, but could get no satisfaction. On the 19th January 1842, he issued an *estrepment*, and this was followed by an attachment for disobeying the writ of *estrepment*. The attachment was issued on the 25th February 1842. On the 10th May 1843, the plaintiffs in this action (defendants in the ejectment) confessed judgment in the latter action, and were turned out of possession. The question is, When did the present right of action accrue? At the time the contract with Morris was violated by the conveyance to McCord, and notice thereof given by the latter to Taylor and Thurston? or at the time the judgment was confessed in ejectment? It is material in this case that the plaintiffs did not *receive possession under the contract with Morris*, but Taylor, the only one ever in possession, was there long before as a trespasser, cutting timber and exercising ownership, without any title whatever. By the terms of the contract with Morris, the whole consideration-money was to have been paid in four years, so that there is no ground for saying that the parties had a lifetime to fulfil the contract. In these two particulars, the present case differs from the cases cited. In Eames *v.* Savage, 14 *Mass.* 425, the party seeking to recover back the money paid had been *put into possession under the contract*, and, upon the eviction, it might be well said that the consideration failed, and that a right of action accrued to recover back the money. Besides, that case was de-

O

cided more on the form of the pleadings than on the effect of the evidence under the statute of limitations. In Walter *v.* Walter, 1 *Whar.* 292, the action was founded upon a partition which was not perfected until within six years from the commencement of the suit, and consequently no right of action for the money payable for *owelty* existed, until the partition was perfected by conveyance. In Leinhart *v.* Forringer, 1 *Watts* 492, it was held that the right of action accrues when the defendant has put it in the power of the plaintiff to rescind the bargain, and it is plainly intimated in that case, that "if the defendant *had conveyed to a stranger, and the plaintiff was apprized of the fact six years before suit was brought,*" the action would have been barred : *Id.* 494. That is plainly the case now before us—the defendant conveyed to a stranger in March 1841, and that stranger not only apprized the plaintiffs of it within three or four weeks afterwards, but, in January 1842, brought ejectment on his title, and in February 1842, pursued his claim, and denied the plaintiff's right to exercise acts of ownership over the property, by an *estrepment* and an attachment for disobedience to the writ. There then was decisive evidence of a violation of the contract in March 1841, and full notice of it in that year, and in the year 1842, but this action was not brought until 30th April 1849. It is our opinion that the action is barred by the statute of limitations, and that the plaintiffs are not entitled to recover. Entertaining these views, we must necessarily decline giving the instructions requested in the points presented by the plaintiff's counsel.

Plaintiff's counsel excepted to the charge.

It was assigned for error :

1. The court erred in charging the jury that plaintiff's cause of action was barred by the statute of limitations.

2. The court should have submitted the question of fraud to the jury.

3. The court erred in refusing to answer specially the plaintiff's points.

*Amwake* and *Mathiot*, for plaintiffs in error.—It was contended that no complete cause of action had accrued to plaintiff before the 10th day of May 1843, when he was evicted by defendant's vendee, and, therefore, the statute of limitations was not a bar to plaintiff's action.

That there was no evidence of breach of contract on the part of the vendor until upon the trial of the ejectment. The commencement of the action was no notice, for it was not inconsistent with an affirmance of the contract, and therefore the presumption was a reasonable one that the suit was instituted for the recovery of the balance of the purchase-money. But on the case being called for

[Thurston v. Franklin College.]

trial, the defendant first ascertained that the plaintiff wholly repudiated the contract; and the six years commenced running from that time : Jones v. Trimble, 3 *Rawle* 381; McCaskill v. McCaskill, 3 *Rich.* 196 ; Baricks v. Edwards, 11 *Paige* 289 ; Leinhart v. Forringer, 1 *Pa. Rep.* 492; Walker v. Bradley, 3 *Pick.* 261; Shearman v. Akin, 4 *Pick.* 296 ; Eames v. Savage, 14 *Mass. Rep.* 425; Walter v. Walter, 1 *Whar.* 292; Richards v. Allen, 5 *Shep.* 296; Hall v. Vandegrift, 3 *Bin.* 374; Kerns v. Schoonmaker, 4 *Ham.* 331; Mercer v. Watson, 1 *Watts* 330.

It is further contended that in this case the defendant acted fraudulently in suffering the plaintiff to remain in possession of the premises, and make valuable improvements on the same, on the strength and faith of the contract entered into to give a deed of conveyance for the same, and afterwards selling the property with the improvements thereon to John McCord, who evicted the plaintiff. The court ought therefore to have submitted the same to the jury as a matter of fact, for them to decide whether the plaintiff acted fraudulently or not; and, if fraudulently, the statute would not operate, or at least only commence running when the fraud was consummated, to wit, the 10th day of May 1843, the time plaintiff was evicted by defendant's vendee : Pennock v. Freeman, 1 *Watts* 410 ; Jones v. Conoway, 4 *Yeates* 109.

*Thompson,* for defendant.—The deed to McCord and notice of it put it into the power of Taylor to rescind the contract, and the right of action for a breach of it occurred: 1 *Pa. Rep.* 494, Leinhart v. Forringer. The conveyance and notice was eight years before suit brought.

The cases of Jones v. Trimble, Walker v. Bradley, and Shearman v. Aken are not analogous cases ; and the case of Barick v. Edwards, 11 *Paige* 289, was a bill in chancery to establish the equitable right to certain premises, by one who had been evicted. *This is an action for breach of contract.*

The conduct of the defendants in error was not fraudulent; at most, they merely broke the alleged contract, and it would have been error on the part of the judge to have submitted the question of fraud to the jury, without any evidence whatever tending in any degree to prove fraud : 1 *Whar. Dig.* 576; *Syl.* 200, 210, 215.

May 26.

PER CURIAM.—The right of action clearly accrued when the defendant conveyed to a stranger. Let the judgment be affirmed on the opinion of the judge below.